IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EVITA BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06cv157 PPS |
| | ) | |
| TEAM TOYOTA LLC and ENTERPRISE AMERICA, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff, Evita Bonner, received a letter in the U.S. Mail pre-approving her for an auto loan and offering her the opportunity to participate in a "special test market finance program." She claims that the letter was sent after the defendants, or someone acting on their behalf, ran her credit report. Plaintiff further claims that defendants unlawfully accessed her credit report information without her consent. Plaintiff seeks statutory damages, attorneys' fees, and a permanent injunction as a result. This matter is currently before the Court on Plaintiff's Motion For Class Certification [Doc. 25] pursuant to Federal Rule of Civil Procedure 23. Because Plaintiff has sufficiently demonstrated that the requirements of Rule 23 are satisfied, her Motion for Class Certification is **GRANTED**.

### I. BACKGROUND

Evita Bonner received a pre-screened letter through the U.S. Mail pre-approving her for an auto loan and offering her an opportunity to participate in a "special test market finance program" [Doc. 1, Ex. A.] The letter was sent after the defendants, or someone acting on their behalf, ran her credit report. [*Id.*, Ex. A.] According to the letter, Team Toyota and Enterprise America created the special finance program to assist the recipients of the letter to purchase a

new car or pre-owned vehicle.  [*Id.*, Ex.  A.]  The letter included the following language: "This 'prescreened' offer of credit is based on information in your credit report indicating that you meet certain criteria."  [*Id.* at ¶ 8; *Id.*, Ex.  A.]   Plaintiff did not authorize defendants to use or access her credit report nor did she initiate any business transaction with defendants.  [*Id.* at ¶ 23.]  For this reason, Plaintiff claims that defendants violated § 1681b of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et al.  [*Id.* at ¶¶ 33-36.]  Plaintiff seeks statutory damages up to $1,000 and injunctive relief as well as attorney's fees and costs.  [*Id.* at 7.]

Plaintiff filed a motion seeking certification of a class defined as "all persons to whom defendants sent or caused to be sent material in the form represented by Exhibit A (including the "offer valid" dates of March 29, 30, and 31, 2006), but excluding all those who received credit from either defendant as a result of responding to the same solicitation."  [Doc. 25-2 at 12.]  The Court now finds that class certification is proper in this case, and accordingly grants Plaintiff's motion.

## II.  DISCUSSION

Motions for class certification must meet the requirements set under Rule 23 of the Federal Rules of Civil Procedure and the party seeking class certification bears the burden of demonstrating that the requirements of Rule 23 are satisfied.  *See Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 156 (1982).  Failure on the part of the movant to satisfy any one of the requirements of Rule 23 precludes class certification.  *See Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980).  The court, though, has broad discretion in ruling on a motion for class certification.  *See Retired Chicago Police Ass'n v. Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). For purposes of the present motion for class certification, the Court will not reach the merits of the complaint.  *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("In

determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.") (citation and internal quotations omitted).  Whether or not plaintiff will ultimately prevail on her claim is irrelevant to the present motion and the factors under Rule 23.

Rule 23 establishes two main requirements for class certification.  First, the action must satisfy all four elements of Rule 23(a): numerosity, commonality, typicality and adequacy of representation.  *Id.*  Second, the proposed class must satisfy at least one of the three provisions under Rule 23(b).  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).  Plaintiff seeks certification under Rule 23(b)(3), which requires her to demonstrate that common questions of law or fact predominate over any questions affecting only individual class members and that a class action is a superior method of adjudicating the controversy.

**A.**     **Numerosity**

Rule 23(a)(1) requires that the class must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Courts generally have found this element satisfied when the proposed class consists of more than 40 members.  *See Ingram v. Corporate Receivables, Inc.*, No. 02 C 6608, 2003 WL 21982152, at *2 (N.D. Ill. August 19, 2003) (citing *Swanson v. American Consumer Indus.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969)); *see also, e.g., Markham v. White*, 171 F.R.D. 217, 221 (N.D. Ill. 1997) (35-40 class members); *Hendricks-Robinson v. Excel Corp.*, 164 F.R.D. 667, 671 (C.D. Ill. 1996) (38 class members). The exact number of class members need not be known.  *Ingram*, 2003 WL 21982152, at *2. Instead, plaintiffs can "offer good faith estimates of class size . . . and the Court may use 'common sense assumptions' to determine the validity of those estimates."  *Id.*; *see also Cannon v. Nationwide Acceptance Corp.*, No. 96 C 1136, 1997 WL 139472, at *2 (N.D. Ill. March 25,

1997) (quoting *Evans v. U.S. Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983)).

In this case, Plaintiffs estimate that the class would exceed 200 people and could be as large as 12,600 people. [Doc. 25-2 at 6.]  This estimate is not contradicted by the defendants, so the Court finds that plaintiff's estimation of the number of potential class members is sufficient to fulfill the numerosity requirement.

**B.      Commonality**

Under Rule 23(a)(2), "questions of law or fact common to the class" must be present before a class may be certified.  The existence of a "common nucleus of operative facts" is generally enough to establish commonality under Rule 23(a)(2).  *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).  Courts consistently have found a common nucleus of operative facts if defendants have allegedly directed standardized conduct toward the proposed class members or if the class claims arise out of standardized documents.  *Rosario*, 963 F.2d at 1018; *Johnson v. Aronson Furniture Co.*, No. 96 C 117, 1998 WL 641342, at *3 (N.D. Ill. Sept. 11, 1998); *Peterson v. H & R Block Tax Servs. Inc.*, 174 F.R.D. 78, 82 (N.D. Ill. 1997).  Plaintiffs normally are only required to show that "there is 'at least one question of law or fact common to the class' . . . ."  *Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 164 F.R.D. 659, 663 (N.D. Ill. 1996) (citation omitted).  When a "question of law refers to a standardized conduct by defendants toward members of the class, a common nucleus of operative facts is typically presented, and the commonality requirement is usually met."  *Von Moore v. Simpson*, No. 96 CV 2971, 1997 WL 570769, at *3 (N.D. Ill. Sept. 10, 1997) (citation and internal quotations omitted).

Team Toyota suggests that plaintiff has not satisfied the requirements of Rule 23(a)(2) because she has not established that defendants utilized her consumer report in connection with

the issuance of the letter; however, the Court finds that plaintiff here has satisfied the requirements of Rule 23(a)(2). The letter, itself, appears to represents that defendants, or someone acting on defendants' behalf, obtained and used consumer credit information for the purpose of sending solicitations to plaintiff and the other unidentified class members, thereby constituting the "common nucleus of operative facts" in this case. Moreover, a common question of law is presented: do the solicitations sent by or on behalf of the Defendants qualify as a "firm offer of credit" under 15 U.S.C. § 1681b. This question of law requires only an analysis of the solicitation letters, which presumably are identical, excepting the recipient information, across the entire class. The issue is class-wide in nature because it should apply to everyone who received the solicitations. *See Tremble v. Ocean Bank*, 05 C 2624, slip op. at 3, (N.D. Ill. March 21, 2006) (St. Eve, J.) (finding the commonality element satisfied because "[i]f Defendant violated the FCRA as to [Plaintiff] (by not providing 'clear and conspicuous' notice or by failing to make a 'firm offer'), then it did so as well as to the other members in the class").

Accordingly, because the claims arise from Defendants' standardized conduct – i.e. the sending of the form letters and the allegedly improper access to the proposed class members' credit report information –  the commonality requirement has been met.

**C.     Typicality**

Under Rule 23(a)(3), the claims or defenses of the class representative must be typical of those of the class as a whole. The claim of a named plaintiff is typical of the class if "'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Johnson v. Aronson Furniture Co.*, 1998 WL 641342, at *3 (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713

F.2d 225, 232 (7th Cir. 1983)).  The typicality requirement is closely related to the commonality requirement under Rule 23(a)(2).  *Rosario*, 963 F.2d at 1018.

In this case, each absent class member has allegedly been subjected to the same course of conduct and event as plaintiff – namely, defendants or someone acting on their behalf allegedly accessed each proposed class member's consumer report information and each proposed class member received Defendants' substantively identical solicitation.  *See Tremble*, slip op. at 3 (finding typicality prong met where "[plaintiff's] claim arises from the same event or course of conduct as that affecting all class members – Defendant's form-letter mass-mailing").  As demonstrated in the previous section, plaintiff's claims are also based on the same legal theory as the claims of the other class members – specifically, the solicitations do not reflect a firm offer that would allow defendants to properly access the proposed class members' consumer report pursuant to § 1681b of the FRCA.  Accordingly, the Court finds that the typicality requirement has been met.

**D.    Adequacy of Representation**

Under Rule 23(a)(4), the adequacy of representation requirement mandates that both the class representative and counsel for the named plaintiff zealously represent and advocate on behalf of the class as a whole.  *See Retired Chicago Police Ass'n*, 7 F.3d at 598.  As the class representative, a plaintiff must not have "antagonistic or conflicting claims with other members of the class," and must have a "sufficient interest in the outcome of the case to ensure vigorous advocacy[.]"  *Sebo v. Rubenstein*, 188 F.R.D. 310, 316 (N.D. Ill. 1999) (citation omitted).  Counsel for named plaintiffs must be experienced and qualified and generally be able to conduct the litigation.  *See Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313, 317 (N.D. Ill. 1995) (citation omitted).

Here, the Court finds no evidence in the record and defendants do not contend that plaintiff's claims conflict with or are antagonistic to the claims of the proposed class members. All members in this class received solicitations from defendants, who apparently accessed the class members' consumer credit information to prepare the solicitations. The Court further finds that plaintiff has a sufficient stake in the outcome of the litigation to ensure that she will be a zealous advocate on behalf of the class.

In addition, counsel for the named plaintiff in this case are experienced in handling class action lawsuits regarding fair credit reporting practices. [Doc. 25-2, Ex. B.] They also have competently handled several cases before this Court in the past. Thus, the adequacy of representation requirement under Rule 23(a)(4) has been met.

**E.     Requirements of Federal Rule of Civil Procedure 23(b)(3)**

In addition to meeting class certification requirements under Rule 23(a), plaintiff's proposed class must satisfy the requirements of one of the three subsections of Rule 23(b). Here, plaintiff proposes that certification is appropriate under Rule 23(b)(3). Certification under Rule 23(b)(3) is appropriate if (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *Szabo* 249 F.3d at 676.

   **1.     Predominance of Class Issues over Individual Issues**

Under the predominance requirement of Rule 23(b)(3), common questions of law or fact must predominate, but they need not be exclusive. *See Scholes v. Moore*, 150 F.R.D. 133, 138 (N.D. Ill. 1993) (citation omitted). In determining whether common questions predominate, the Court looks to whether there is a "common nucleus of operative facts." *Ziemack v. Centel Corp.*,

163 F.R.D. 530, 535-36 (N.D. Ill. 1995).

As noted under the "commonality" section, there is a "common nucleus of operative facts" in this case. Specifically, defendants appear to have obtained and/or used the class members' credit report information for the purpose of sending solicitations to them. Those standard solicitations are at the core of plaintiff's Complaint. Moreover, as also noted earlier, there is a common question of law at issue in this case: do the solicitations sent by defendants qualify as a "firm offer of credit" under § 1681b. The issues of law and fact that flow from defendants' form letter predominate over any individual issue. Because the common issues of fact and law are likely to dominate this Court's attention, common questions of law and fact predominate. *See Tatz v. Nanophase Techs. Corp.*, No. 01 C 8440, 2003 WL 21372471, at *9 (N.D. Ill. June 13, 2003). Accordingly, plaintiffs have met the predominance prong by showing that common issues of fact and law will predominate in this case.

### 2. Superiority of Class Action for Fair and Efficient Adjudication of the Controversy

Under Rule 23(b)(3), a class action must also be superior to other available methods for the fair and efficient adjudication of the controversy. *Szabo*, 249 F.3d at 676. The Court finds that a class action in this case is superior to other means of adjudication for two reasons. First, as discussed previously, this dispute contains a set of legal and factual issues that are shared by the members of the class, and class certification is more efficient than multiple individual suits at dealing with these common questions. *See Tatz*, 2003 WL 21372471, at *9. Denial of the motion for class certification would potentially result in courts becoming consumed with many individual cases that seek to litigate an essential core of the same legal and factual issues.

Second, a class action is superior to individual action in this case because litigation costs are high and the likely recovery is limited. Thus, recipients of the letter are unlikely to prosecute

individual claims without the availability of cost-sharing efficiencies of a class action.  *See id.* at *10 (citing *Haynes v. Logan Furniture Mart. Inc.*, 503 F.2d 1161, 1164-65 (7th Cir. 1974)). Furthermore, many of the persons in these classes may be unaware that the form letter sent by Defendants may violate the FCRA, and a class action suit may help to safeguard their rights. Public policy encourages that cases of this type proceed as class actions in order to put an end to any illegal activity that may be occurring.  Accordingly, the Court finds that a class action is a superior method of litigating this case.

### III.  CONCLUSION

Accordingly, because the Court finds that the proposed classes meet the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), plaintiffs' Motion for Class Certification [Doc. 25-1] is hereby **GRANTED**.

The class is defined as follows:

All persons to whom defendants sent or caused to be sent material in the form represented by Exhibit A to plaintiff's complaint (including the "offer valid" dates of March 29, 30 and 31, 2006), but excluding all those who received automobile credit from either defendant as a result of responding to the same solicitation.

**SO ORDERED.**

ENTERED: November 21, 2006

s/  Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
